Filed 11/8/21  P. v. Pinola CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092124 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F02423) |
| v. | |
| RICHARD PINOLA, | |
| Defendant and Appellant. | |

Defendant Richard Pinola appeals the trial court's denial of his Penal Code section 1170.95 resentencing petition.[1]  He contends the trial court erred in denying his petition based on its conclusion that the enacting legislation, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), was unconstitutional.  The Attorney General concedes the issue and asks this court to reverse the trial court's

---

[1]  Undesignated statutory references are to the Penal Code.

erroneous order and remand the matter for proceedings consistent with section 1170.95. We accept the People's concession and will reverse the order and remand.

## PROCEDURAL BACKGROUND

In 1996, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), robbery (§ 211), commercial burglary (§ 459), and theft of a firearm (§ 487, subd. (d)). The jury also found true allegations as to the murder and robbery counts that defendant was a principal to the robbery and that one or more of the offense's principals was armed during the offense (§ 12022, subd. (a)). The trial court sentenced him to an indeterminate term of 25 years to life for the murder plus one-year consecutive for the section 12022 enhancement; the sentences on the remaining counts and allegations were either stayed or ordered to run concurrent to the term imposed for the murder conviction. The facts underlying the conviction are not relevant to our disposition on appeal and are therefore not recounted here.

In January 2019, defendant filed a petition to obtain resentencing under newly enacted section 1170.95. The court then appointed counsel for defendant, and both parties subsequently submitted briefing on the applicability of section 1170.95. Section 1170.95 was enacted as part of Senate Bill 1437, which took effect January 1, 2019. The legislation limits the circumstances under which a defendant can be found guilty of murder under the felony-murder rule or the natural and probable consequences doctrine. The legislation applies retroactively through section 1170.95, which allows qualifying petitioners to have their murder convictions vacated and be resentenced.

After reviewing the file, the trial court filed a written order concluding that Senate Bill 1437 was invalidly enacted with regard to the first degree felony-murder rule, as it unconstitutionally amended a prior initiative measure, Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)). Accordingly, it ruled that defendant was not entitled to relief under section 1170.95.

2

## DISCUSSION

Defendant appeals, contending the trial court erred in finding Senate Bill 1437 unconstitutionally amended Proposition 115. He requests that we remand the matter for the trial court to consider his petition in the first instance. The Attorney General concedes the issue and agrees the trial court erred in finding Senate Bill 1437 unconstitutional and joins in the request to reverse the trial court's order and for remand.

In *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 914-917 and *People v. Lombardo* (2020) 54 Cal.App.5th 553, 559-561, this court recently joined other appellate courts in concluding that Senate Bill 1437 is not an invalid amendment of Proposition 115 because the legislation did not add to or take away from any provision in the initiative. Consistent with these prior decisions, we accept the Attorney General's concession that Senate Bill 1437 is not an invalid amendment of Proposition 115. We will reverse the trial court's order.

## DISPOSITION

The trial court's order finding Senate Bill 1437 invalid as to first degree felony murder, and denying defendant's petition for resentencing under section 1170.95, is reversed. The matter is remanded for further proceedings consistent with this opinion.

                                                              /s/
                                      RAYE, P. J.

We concur:

    /s/
HULL, J.

    /s/
RENNER, J.